UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA PITT** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **SECTION  "_____"** |
| **v.** | |
| **THE TIMES-PICAYUNE, L.L.C. and ADVANCE PUBLICATIONS, INC.** | **JUDGE** |
| **Defendants.** | **MAG. DIV.** |
| | **MAG. JUDGE** |

## NOTICE OF REMOVAL

**NOW INTO THE COURT**, through undersigned counsel, come defendants, The Times-Picayune, L.L.C. and Advance Publications, Inc., (collectively "Defendants"), and, with a full reservation of rights, defenses, and objections, respectfully submit this Notice of Removal to the United States District Court for the Eastern District of Louisiana.  Defendants set forth below the grounds for their removal.

1.

On December 11, 2013, Patricia Pitt ("Plaintiff") filed the instant civil action in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled "*Patricia Pitt v. The Times Picayune, L.L.C. and Advance Publications, Inc.,*" ("the Petition") and bearing Docket No. 2013-11771.  In that suit, Plaintiff asserts claims for breach of contract and claims for employment discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et*

653133v.1

*seq*.  A true and correct copy of the Petition for Damages due to Breach of Contract and/or Age

Discrimination is attached hereto as Exhibit "A."

2.

The Petition was served upon Defendants on December 17, 2013.  Thus, this Notice of

Removal has been timely filed under 28 U.S.C. § 1446(b), it being no more than thirty (30) days

after receipt by service on a defendant.

3.

In accordance with 28 U.S.C. § 1446(b)(2)(A), (B), all named defendants join in removal.

4.

This Court has jurisdiction over this matter and it is properly removed to this Court

pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

**Federal Question Jurisdiction**

5.

Removal of this action to this Court is permissible under the provisions of 28 U.S.C. §

1441 because it is a civil action founded on a claim or right arising under the laws of the United

States, and this Court has original jurisdiction under 28 U.S.C. § 1331.  In the Petition, Plaintiff

alleges that Defendants terminated Plaintiff from her employment in breach of an alleged

contract provision because of her age in violation of the Age Discrimination in Employment Act

of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.  Thus, because Plaintiff is alleging a claim that arises

from a federal statute, this Court has original jurisdiction under 28 U.S.C. § 1331.

653133v.1

**Supplemental Jurisdiction**

6.

Removal of this action to this Court is also permissible under the provisions of 28 U.S.C. § 1441 because there is supplemental jurisdiction over Plaintiff's state law claim of breach of contract under 28 U.S.C. § 1367. "A court obtains power to hear a state law claim under pendent or supplemental jurisdiction if 1.) the federal issues are substantial…and 2.) the state and federal claims derive from a common nucleus of operative facts."[1]

This Court has found that federal claims of discrimination under the ADEA are sufficient to meet the substantiality requirement of U.S.C. § 1331 federal question jurisdiction.[2] Further, both of Plaintiff's federal and state claims derive from a common nucleus of operative facts, namely the circumstances surrounding the termination of her employment effective September 30, 2012. Plaintiff's contract claim is sufficiently related to Plaintiff's ADEA claim in this action that they form the same case or controversy under Article III of the United States Constitution and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

In conclusion, this Court has original jurisdiction over this matter because the federal question requirements of 28 U.S.C. §§ 1331 and 1367 are satisfied and removal is proper under 28 U.S.C. §§ 1441, and 1446.

---

[1] *McCoy v. Chevron USA Prod., Inc.*, 46 F. Supp. 2d 510, 512 (E.D. La. 1999).
[2] *Id*. at 513.

3

653133v.1

**Procedural Requirements**

7.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, State of Louisiana, where Plaintiff filed the state court proceeding.  Therefore, venue is proper in this particular federal district court pursuant to 28 U.S.C. § 1441(a).

8.

The Defendants will comply with 28 U.S.C. § 1446(d) and file a written Notice of Filing of Notice of Removal with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.  The Notice of Filing of Notice of Removal is attached hereto as Exhibit "B."

9.

In accordance with 28 U.S.C. § 1446(d), this Notice of Removal and the Notice of Filing of Notice of Removal in State Court are being provided to all adverse parties.

10.

Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

11.

653133v.1

No other filings or papers have been received or filed by Defendants.

12.

WHEREFORE, The Times-Picayune, L.L.C. and Advance Publications, Inc., with a full reservation of their rights to amend this Notice of Removal, respectfully pray that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

Respectfully Submitted,


By:   /s/ *Loretta G. Mince*

LORETTA G. MINCE # 25796
JAMES R. SWANSON #18455
REBECCA SHA # 35317
FISHMAN HAYGOOD PHELPS
   WALMSLEY WILLIS & SWANSON, L.L.P
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone:  (504) 586-5252
Facsimile:   (504) 586-5250

ATTORNEYS FOR DEFENDANTS,
THE TIMES-PICAYUNE, L.L.C.
AND ADVANCE PUBLICATIONS, INC.

653133v.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.  I further certify that a copy of the foregoing was served upon the Plaintiff by transmitting a copy of said pleading to Plaintiff's counsel via ordinary mail, postage paid.

/s/ *Loretta G. Mince*_____

653133v.1