UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| PATRICIA PITT | CIVIL ACTION |
|---|---|
| VERSUS | NO. 14-68 c/w<br>14-69, 14-70, 14-71<br>14-72, 14-73, 14-75,<br>and 14-76 |
| THE TIMES-PICAYUNE, LLC<br>AND ADVANCE PUBLICATION, INC. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court are motions to dismiss (Rec. Docs. 6 and 22-28) filed by Defendants relative to each of the eight consolidated plaintiffs' claims. Having carefully considered the parties' submissions, the amended and re-stated complaints filed by Plaintiffs, and applicable law, **IT IS ORDERED** that the motions are **GRANTED IN PART** and **DENIED IN PART** to the extent stated herein.

## BACKGROUND

Defendants' supplemental memorandum (Rec. Doc. 57) provides the following summary of Plaintiffs' claims as set forth in their amended and re-stated complaints:[1]

---

[1] Subsequent to the filing of Defendants' motions to dismiss, Plaintiffs filed amended and re-stated complaints (Rec. Docs. 48-55). Therein, Plaintiffs withdrew their duress challenges to the validity of the releases signed by them and modified the allegations offered relative to their employment discrimination claims. Given that the amended and re-stated complaints were filed while Defendants' motions were pending, and Defendants have since submitted a supplemental memorandum in support of their motions, the Court's ruling on the pending motions rests upon the allegations of the amended and re-stated complaints rather than Plaintiffs' original petitions.

Plaintiffs' amended complaints allege that they were employed by The Times-Picayune until they were informed in June or July 2012 that they were being terminated, and their jobs eliminated, "due to an economically driven program to downsize." Plaintiffs further allege that they were offered a severance package in exchange for a complete release of all claims against The Times-Picayune; that they accepted the severance package and executed releases; and that their termination[s] became effective between August 10, 2012 and September 30, 2012.

Plaintiffs allege that The Times-Picayune's termination of their employment breached a company policy called the "Job Security Pledge," which "guaranteed that Plaintiff would not be laid off or have any job action taken against them due to economic circumstances or technological change." Additionally, Plaintiffs allege that The Times-Picayune's termination of their employment constituted discrimination under Louisiana law and the ADEA because The Times-Picayune "a) terminated Plaintiff[s'] employment; b) refused to allow Plaintiff[s] to apply for advertised positions for the same job held by [them]; c) refused to allow Plaintiff[s] to apply for comparable and available jobs for which [they] was qualified; d) breached the Job Security Pledge; and e) replaced [them] with a younger worker." Plaintiffs further allege that while they signed releases specifically covering all claims arising out of their employment and termination, those releases do not extend to the claims asserted in their amended complaints because their actual termination date occurred after the releases were signed. In the alternative, Plaintiffs allege that the releases are invalid with respect to their ADEA claims because they were procured through fraud and thus were not "knowing and voluntary" under the OWBPA. Specifically, Plaintiffs allege:

> Alternatively, if Defendants were acting prior to the signing of the release with the objective of terminating and replacing Plaintiff[s] because of [their] age, then its representations to them that – that Defendants' were engaging in a program of economic downsizing layoffs that eliminated Plaintiffs' jobs – were false and Plaintiff[s were] misled in signing the releases. Defendants' failure to disclose that Plaintiff[s] would be terminated because of [their] age, and not for their proffered reason, was a material misrepresentation which violates the requirement of 29 U. S. C. § 626(f) that a waiver of an ADEA claim

2

must be knowing and voluntary.[2]

The Court focuses first on Plaintiffs' claims of breach of contract (based upon the "Job Security Pledge") and state law claims of employment discrimination arising from Defendants' termination of Plaintiffs' employment. The Court finds these claims to be precluded by the "General Release" and "Agreement and General Release" signed by Plaintiffs, notwithstanding that the scope of those documents is limited to rights and claims existing as of the dates the documents were executed. Those documents undeniably contemplated that each Plaintiffs' last day of work would be subsequent to the June or July 2012 execution dates. Indeed, the second paragraph of each "Agreement and General Release" expressly identifies the future date on which the employee's employment was expected to cease.

To the extent that Plaintiffs argue Defendants' alleged misrepresentation of the actual reason for their terminations vitiates each Plaintiff's consent to the "General Release" and "Agreement and General Release" signed by him or her, thus rendering the documents voidable, Plaintiffs' failure to return the consideration received therefor precludes any relief under Louisiana state law relative to Plaintiffs' breach of contract and discrimination claims. See *Aultman v. Entergy Corp.*, 98-2244 (La. App. 1 Cir. 11/5/99), 747 So. 2d 1151, 1155 ("Louisiana courts recognize that a party seeking to invalidate a contract based on fraud or some other theory must return whatever of value he received before seeking to have the contract set aside.").

---

[2] See Rec. Doc. 57, pp. 5-7.

Plaintiffs' federal discrimination claims asserted under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., based on their terminations from employment, however, require a different conclusion at this juncture of the proceeding. Although the Court agrees (with Defendants) that Plaintiffs' ADEA claims based on their terminations are encompassed by the scope of the "General Release" and "Agreement and General Release" signed in June and July 2012,[3] it is not apparent, on the present showing made, that the waiver is, as a matter of law, effective as to those claims.

Specifically, under the Older Workers Benefit Protection Act (OWBPA), 29 U.S.C. § 626(f), "[a]n individual may not waive any right or claim under the ADEA unless the waiver is knowing and voluntary." *Oubre v. Entergy Operations, Inc.,* 522 U.S. 422, 426 (1998) (citing 29 U.S.C. § 626(f)). Furthermore, in *Oubre*, the Supreme Court rejected the contention that a plaintiff may not seek to void a contractual waiver under the OWBPA's "knowing and voluntary" requirement unless he or she first tenders back any benefits received under the contract. See *Oubre*, 522 U.S. at 425-29. Finally, although Defendants contend that a difference between an employer's proffered reason for terminating or laying off an employee, and the employer's true reasons, cannot preclude an ADEA waiver from being knowing and voluntary, the Court is not presently convinced that Defendants' contention is correct.

---

[3] Plaintiffs' opposition memorandum arguably appears to contend that, in addition to their terminations, some or all Plaintiffs may have been denied employment in alternative positions. As presently pled, however, it is not apparent to the Court that Plaintiffs' claims include separate and discrete acts of discrimination that are not encompassed by their termination claims and/or do not fall within the scope of the releases signed by them. If any Plaintiffs believe that they can amend their complaints to rectify this shortcoming, leave to do so must be sought within twenty (20) days from entry of this Order and Reasons.

To support their contention, Defendants cite the Court to *Sheridan v. McGraw-Hill Companies, Inc.*, 129 F. Supp. 2d 633 (S.D. N.Y. 2001), and *Lauderdale v. Johnston Industries, Inc.*, 139 F. Supp. 2d 1315,1321 (M.D. Ala. 2001) (*aff'd in part and rev'd in part*). In *Sheridan*, however, the district court rejected the plaintiff's contention that misrepresentations regarding the reason for his termination invalidated his ADEA waiver following a review of summary judgment evidentiary submissions, not on the face of the plaintiff's complaint. See *Sheridan,* 129 F. Supp. 2d at 638-39 (plaintiff's apparently sincere belief that termination was product of discrimination was insufficient to support inference of fraudulent inducement in absence of supporting evidence). Affirming, the Second Circuit reasoned: "The downfall of Sheridan's argument is that he provided the District Court with no evidence supporting his view." *Sheridan v. McGraw-Hill Companies, Inc.*, 24 Fed. Appx. 64, 2001 WL 1486224, *65-66 (2nd Cir.)(unpub.).

Furthermore, a close examination of the record in *Lauderdale* reveals that the Eleventh Circuit, albeit in an unpublished ruling rendered without written reasons, apparently *reversed* the district court's finding of a valid waiver. Specifically, the Eleventh Circuit's opinion simply states: "Affirmed in part. Reversed in Part." See *Lauderdale v. Johnston Industries, Inc.*, 31 Fed. Appx. 940 (11th Cir. Feb. 7, 2002) (Table, No. 01-12835). A subsequent summary judgment ruling from the district court, however, explains that the Eleventh Circuit previously reversed the lower court's waiver ruling, finding the waiver "invalid" and remanding for further proceedings. See *Lauderdale v. Johnston Industries, Inc.*, Civil Action No. 00-T-1308, (M.D. Ala. 8/25/02) (Rec. Doc. 47).

Given the foregoing, and considering that this determination is being made at the pleading stage, the Court declines to dismiss Plaintiffs' ADEA termination claims as a matter of law

5

at this juncture. Although Defendants are correct that the Supreme Court, in *Gross v. FBL Financial, Inc.*, 557 U.S. 167 (2009), mandated a "but for" causation test for ADEA claims, Plaintiffs' amended and re-stated complaints meet that standard.

As stated herein, Defendants' motions are granted relative to Plaintiffs' breach of contract and employment discrimination claims asserted under Louisiana state law. They are denied relative to Plaintiffs' ADEA claims.

New Orleans, Louisiana, this 30th day of September 2014.

**KURT D. ENGELHARDT**
**United States District Judge**