UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| PATRICIA PITT, ET AL | CIVIL ACTION NOS. 2:14-cv-68 c/w 2:14-cv-69, c/w 2:14-cv-70, c/w 2:14-cv-71, c/w 2:14-cv-72, c/w 2:14-cv-73, c/w 2:14-cv-75, c/w 2:14-cv-76. |
|---|---|
| Plaintiffs, | |
| v. | SECTION "N" |
| THE TIMES-PICAYUNE, L.L.C. and ADVANCE PUBLICATIONS, INC. | JUDGE KURT D. ENGELHARDT |
| Defendants. | MAG. DIV. "1" |
| | MAG. JUDGE SALLY SHUSHAN |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendants, The Times-Picayune, L.L.C. and Advance Publications, Inc. (collectively "The Times-Picayune"), respectfully submit this Memorandum in Support of their Motion for Summary Judgment against Plaintiffs Patricia Pitt, Aileen Kelly, Jeanne Woods, Keith Catalanotto, Patricia Gonzalez, Stephanie Stroud Naylor, Ulpiano Lugo, and Vivian Hernandez (collectively, "Plaintiffs"). Plaintiffs allege that age discrimination motivated their terminations in the midst of a company-wide restructuring and downsizing. Plaintiffs further allege that although they each signed releases and received a severance package in connection with their terminations, the releases were not knowing or voluntary under the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f) because Plaintiffs were allegedly misled as to the reasons for their terminations. As set forth below, Plaintiffs' claims under the Age

1

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et al.* fail as a matter of law and The Times-Picayune is therefore entitled to summary judgment.

First, The Times-Picayune is entitled to summary judgment on Plaintiffs' ADEA claims because Plaintiffs themselves claim that they were terminated, at least in part, for legitimate, non-discriminatory business reasons. Specifically, Plaintiffs have all asserted that they were terminated, in part, due to their high salaries and expensive benefits. The United States Supreme Court in *Hazen Paper Co., v. Biggins*, 507 U.S. 604, 609 (1993) held that employment decisions based upon such factors do not violate the ADEA. Furthermore, under *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 177 (2009), age must be the "but-for" reason for the employer's actions. Mixed-motive cases, where legitimate, non-discriminatory factors play a role in the employer's decision, are not recognized under the ADEA. In light of their own admissions and viewing the record as a whole, and beyond the four corners of the amended and re-stated complaints, Plaintiffs' claims under the ADEA for age discrimination fail as a matter of law.

Second, Plaintiffs' claim that they were misled as to the reasons for their termination, and are therefore not bound by the releases they signed, should be rejected because Plaintiffs have failed to allege an essential element of their claim, namely reliance.

For either of these reasons, The Times-Picayune is entitled to summary judgment under Fed. R. Civ. P. 56.[1]

---

[1] The Times-Picayune disputes Plaintiffs' claims that the releases signed by the Plaintiffs were not knowing and voluntary and reserves all of its rights with regard to this issue. The Times-Picayune further reserves all of its defenses to Plaintiffs' claims, and its right to challenge this Court's rulings denying in part The Times-Picayune's Motion to Dismiss (Rec. Doc. No. 59), and permitting Plaintiffs Patricia Pitt, Aileen Kelly, Jeanne Woods, Stephanie Stroud Naylor, and Vivian Hernandez to file their Second Amended Complaints (Rec. Doc. No. 82).

## STATEMENT OF THE CASE

Plaintiffs are former employees of The Times-Picayune who were terminated as part of a company-wide restructuring plan. According to the allegations set forth in Plaintiffs' original and amended complaints, each of the Plaintiffs was notified of the company's decision to terminate his or her employment in June or July of 2012, and each was offered a severance package in exchange for a complete release of all claims. Although the employees accepted the severance package, and executed a release of all claims, expressly including all claims "arising out of or related to [employee's] employment with, and/or the termination of [employee's] employment by, the Company,"[2] they nonetheless filed individual lawsuits against The Times-Picayune in Louisiana state court, seeking damages for wrongful termination under the ADEA, breach of contract (*i.e.*, the "Job Security Pledge"), and Louisiana age discrimination law.

After the cases were removed to this Court, Defendants filed motions to dismiss the Plaintiffs' suits. On September 30, 2014, the Court granted in part and denied in part The Times-Picayune's motions to dismiss.[3] The Court dismissed Plaintiffs' breach of contract/"Job Security Pledge" claims and state law discrimination claims on the basis that those claims were covered by the scope of the "General Release" and "Agreement and General Release" signed by each Plaintiff. The Court further held that Plaintiffs' failure to return the consideration received barred the Plaintiffs' claims that the releases were unenforceable.[4] As to Plaintiffs' ADEA claims, however, the Court found that Plaintiffs' allegations that they were misled as to the reasons for their terminations might support a claim that the releases were not knowing and voluntary as required by the OWBPA, and that under the ADEA, Plaintiffs did not have to return

---

[2] True and Correct Copies of the Releases are attached to the Declaration of David Francis submitted as Ex. A to The Times-Picayune's Statement of Uncontested Material Facts.
[3] September 30, 2014 Order, Rec. Doc. No. 59.
[4] *Id.* at 3.

3

the consideration received in exchange for the releases in order to challenge the validity of the releases.[5] Finally, the Court found that "[a]lthough Defendants are correct that the Supreme Court, in *Gross v. FBL Financial, Inc.*, 557 U.S. 167 (2009), mandated a 'but for' causation test for ADEA claims, Plaintiffs' amended and re-stated complaints meet that standard."[6] The Times-Picayune now files this Motion for Summary Judgment under Fed. R. Civ. P. 56.

## LAW AND ARGUMENT

Viewing the record as a whole and looking beyond the four corners of the Plaintiffs' amended and re-stated complaints, Plaintiffs each admitted in their original complaints that there were several legitimate, non-discriminatory business reasons for their terminations, including their high compensation and expensive benefits. Under *Gross*, mixed-motive cases – where both age and legitimate, non-discriminatory factors play a role in the employer's decision – are not recognized; rather, age must be the "but-for" reason for the employer's actions.

Additionally, with respect to Plaintiffs' attempt to avoid the effects of the releases they signed, Plaintiffs have failed to plead an essential element of their claim that The Times-Picayune misrepresented the reason for their termination, namely whether and how they relied upon the alleged misrepresentations.

For either of these reasons, which are discussed in more detail below, summary judgment in favor of The Times-Picayune is warranted.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 provides for summary judgment as a method to promptly dispose of actions where there is no genuine issue as to any material fact and the

---

[5] *Id.* at 4-5.
[6] *Id.* at 6.

moving party is entitled to judgment as a matter of law.[7] The motion may be directed towards all or part of a claim and it may be made on the basis of the pleadings, or it may be supported by affidavits and a variety of outside material.[8] "Rule 56 does not require that any discovery take place before a motion for summary judgment can be granted."[9] Likewise, the parties need not wait until completion of discovery where uncontested facts show that a party is entitled to judgment as a matter of law.[10] The Fifth Circuit favors the use of summary judgment to prevent the waste of private and judicial resources.[11]

## II. ADEA and *Gross*

The ADEA prohibits an employer from firing an employee "because of such individual's age."[12] To prevail on a claim under the ADEA, a plaintiff must "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause for the challenged employer decision."[13] In *Gross*, the United States Supreme Court held that mixed-motive age discrimination claims – *i.e.*, "when an employee alleges that he suffered an adverse employment action because of both permissible and impermissible considerations" – are not cognizable under the ADEA.[14]

Additionally, the Supreme Court has held that actions by employers that are motivated by factors such as high compensation, employment benefits, and retirement – even though such

---

[7] Fed. R. Civ. P. 56.
[8] *Id.*
[9] *Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) (quoting *Washington v. Allstate Ins. Co.*, 901 F. 2d 1281, 1285 (5th Cir. 1990) (internal quotation marks omitted).
[10] *Washington*, 901 F. 2d at 1285-86.
[11] *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981).
[12] 29 U.S.C. § 623(a)(1).
[13] *Gross*, 557 U.S. at 177-78.
[14] *Id.* at 167, 169.

5

factors often correlate to an employee's age – do *not* violate the ADEA.[15] In *Hazen*, the United States Supreme Court specifically discussed the decided purpose of the ADEA – to prevent "arbitrary" discrimination based upon inaccurate stereotyping regarding older workers.[16] The Court determined that "[i]t is the very essence of age discrimination for an elder employee to be fired because the employer believes that productivity and competence decline with old age."[17] In contrast, with regards to factors such as seniority and benefits, the Court observed:

> The Courts of Appeals repeatedly have faced the question whether an employer violates the ADEA by acting on the basis of a factor, such as an employee's pension status or seniority, that is empirically correlated with age...We now clarify that there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age.[18]

Further, the Fifth Circuit Court of Appeals has found that an employer's "reasons for laying off hundreds of employees, including [plaintiff], in response to business conditions are presumptively legitimate and nondiscriminatory because a reduction in force 'is itself a legitimate, nondiscriminatory reason for discharge.'" *Tyler v. La-Z-Boy Corp.*, 506 F. App'x 265, 270 (5th Cir. 2013) (quoting *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir.1996)); *accord Kilgore v. Brookeland Indep. Sch. Dist.*, 538 F. App'x 473, 477 (5th Cir. 2013) ("A reduction in force is a legitimate, nondiscriminatory reason for discharge."); *see also Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir.2005) ("Employment discrimination laws are not intended to be a vehicle for judicial second-guessing of business decisions, nor ... transform the courts into personnel managers.... Management does not have to make proper decisions, only non-discriminatory ones." (internal quotation marks omitted)).

---

[15] *Hazen*, 507 U.S. at 609; *see also Smith v. City of Jackson, Miss.*, 351 F.3d 183, 187 (5th Cir. 2003) ("the ADEA was not intended to remedy age-disparate effects that arise from the application of employment plans or practices that are not based on age.").
[16] *Id.* at 610.
[17] *Id.*
[18] *Id.*

### III. Plaintiffs' ADEA Claims Fail as a Matter of Law.

In their amended and re-stated complaints, Plaintiffs each alleged:

> Because of Plaintiff's age, after June [or July] . . . 2012, Defendant: a.) terminated Plaintiff's employment; b) refused to allow Plaintiff to apply for advertised positions for the same job held by her [or him]; c) refused to allow Plaintiff to apply for comparable and available jobs for which she was qualified; d) breached the Job Security Pledge; and e) replaced her [or him] with a younger worker. ***But for Plaintiffs' age Defendants would not have engaged in the aforesaid acts.***[19]

Based on this allegation, this Court denied The Times-Picayune's Rule 12(b)(6) motion insofar as it sought dismissal of Plaintiffs' claims under *Gross*. The Court observed: "Although Defendants are correct that the Supreme Court, in *Gross v. FBL Financial, Inc.*, 557 U.S. 167 (2009), mandated a 'but for' causation test for ADEA claims, Plaintiffs' amended and re-stated complaints meet that standard."[20]

However, looking beyond the four corners of the amended and re-stated complaints, The Times-Picayune is entitled to summary judgment on Plaintiffs' ADEA claims under *Gross* and *Hazen* because each of the Plaintiffs has admitted, in other court filings, that his or her termination was motivated, at least in part, by several non-age reasons such as high salaries and expensive benefits packages pursuant to a company-wide downsizing and restructuring:

- Vivian Hernandez: "Defendants terminated Plaintiff from her employment . . .because of her age and the fact that she was one of the older employees with *a higher salary and benefits package*. Defendants were both downsizing the replacing the *better paid* older workers with younger workers willing to work for less"[21]
- Jeanne Woods: "Defendants were both downsizing and replacing the *better paid* older workers with younger workers willing to work for less. Defendants . . . hired younger, less experienced workers at *lower salary and benefit packages*."[22]
- Patricia Pitt: "Defendants were both downsizing and replacing the better paid older workers with younger workers willing to work for less. . . Defendants terminated Plaintiff

---

[19] Amended and Re-Stated Complaints, Rec. Doc. Nos. 48-55, ¶ XIX (emphasis added).
[20] September 30, 2014 Order, Rec. Doc. No. 59 at 6.
[21] Original Complaint of Vivian Hernandez, 2:14-cv-73, Rec. Doc. No. 1, Exhibit A, ¶ IX (emphasis added).
[22] Original Complaint of Jeanne Woods, 2:14-cv-70, Rec. Doc. No. 1, Exhibit A, ¶ VIII (emphasis added).

7

from her employment . . . *because* of her age and *the fact that she was one of the older employees with a higher salary and benefits package*"[23]

- Stephanie Stroud Naylor: "Defendants were both downsizing and replacing better paid older workers with younger workers willing to work for less. . . Defendants terminated Plaintiff . . . *because* of her age and the fact that she was one of the *older employees with a higher salary and benefits package*."[24]

- Patricia Gonzalez: "Defendants were both downsizing and replacing the better paid older workers with younger workers *willing to work for less*. . . Defendants . . . hired younger, less experienced employees at lower salary and benefit packages."[25]

- Aileen Kelly: "It was clear to her that Defendants were not just downsizing but simply replacing the better paid older workers with younger workers willing to work for less. . . she was terminated from her position with Defendants because of her age and *the fact that she was one of the older employees with a higher salary and benefits package*."[26]

- Keith Catalanotto: "Plaintiffs were downsizing and replacing the *better paid* older workers with younger workers *willing to work for less*."[27]

- Ulpiano Lugo: "Plaintiff. . .was one of the older employees with *a more expensive salary and benefit package*. Defendants were both downsizing and replacing the *better paid* older workers with younger workers *willing to work for less*."[28]

While Plaintiffs omitted these allegations from their amended and restated complaints – presumably because they were educated by Defendants' prior motion to dismiss that such allegations would defeat their ADEA claims under *Gross* – the above admissions are proper summary judgment evidence. As the Court observed in *Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, "the Fifth Circuit 'has long noted that factual statements in the pleadings constitute binding judicial admissions, or at the very least adverse evidentiary admissions.'" 4 F. Supp. 3d 851, 855-856, n. 18 (E.D. La. 2014) (*quoting McCreary v. Richardson*, 738 F. 3d 651, 659 n. 5 (5th Cir. 2013)). Likewise, in *Davis v. A.G. Edwards & Sons, Inc.*, the Fifth Circuit Court of Appeals

---

[23] Original Complaint of Patricia Pitt, 2:14-cv-68, Rec. Doc. No. 1, Exhibit A, ¶¶ VIII, IX (emphasis added).
[24] Original Complaint of Stephanie Stroud Naylor, 2:14-cv-76, Rec. Doc. No. 1, Exhibit A, ¶ VIII (emphasis added).
[25] Original Complaint of Patricia Gonzalez, 2:14-cv-75, Rec. Doc. No. 1, Exhibit A, ¶ VIII (emphasis added).
[26] Original Complaint of Aileen Kelly, 2:14-cv-69, Rec. Doc. No. 1, Exhibit A, ¶ VIII (emphasis added).
[27] Original Complaint of Keith Catalanotto, 2:14-cv-71, Rec. Doc. No. 1, Exhibit A, ¶ VIII (emphasis added).
[28] Original Complaint of Ulpiano Lugo, 2:14-cv-72, Rec. Doc. No. 1, Exhibit A, ¶ VIII (emphasis added).

affirmed the trial court's granting of summary judgment based upon judicial admissions in pleadings, noting that "[f]acts that are admitted in the pleadings 'are no longer at issue.'" 823 F.2d 105, 107-08 (5th Cir. 1987). *See also Morales v. Dep't of Army*, 947 F.2d 766, 769 (5th Cir. 1991) (on review from summary judgment, holding that plaintiff may not argue contrary to the factual allegations of his original complaint); *Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742, 745 (5th Cir. 1988) ("there is a well-established rule that factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party"); *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."); *Burdis v. Texas & P. Ry. Co.*, 569 F.2d 320, 324 (5th Cir. 1978) (finding that lower court did not err in admitting admissions made by plaintiff in separate state court petition on issue of plaintiff's contributory negligence); *Cont'l Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971) ("As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein").

Plaintiffs' prior admissions that non-age factors played a factor in their terminations are fatal to their ADEA claims because they directly negate the required showing that age was the "but-for" reason for their termination, as required by *Gross*. While The Times-Picayune denies that age played any role in the Plaintiffs' terminations, that issue is immaterial because Plaintiffs concede that The Times-Picayune's decision to terminate their employment was motivated, at least in part, by non-age factors. Thus, at best, Plaintiffs assert a mixed-motive age discrimination claim, which is not actionable under the ADEA and *Gross*.

9

This Court recently granted summary judgment under *Gross* in a similar ADEA age discrimination case. In *Ripoll v. Dobard*, No. 13-6143, 2014 WL 1389659 (E.D. La. Apr. 9, 2014), the court granted summary judgment in favor of the defendant employer where the plaintiff employee pled that she was removed as the principal for a school for multiple reasons: age, the school's test scores and performance, and political strategy. The court found that "[i]t is clear that, when Plaintiff alleges that she was offered three reasons to justify her removal, it cannot be said that age was the "but-for" cause of [the employer's] decision."[29]

In light of the foregoing, The Times-Picayune is entitled to summary judgment with respect to Plaintiffs' ADEA claims.

## IV. Plaintiffs' Misrepresentation Claims Fail as a Matter of Law.

The Plaintiffs' claims are also foreclosed by the releases signed by each of the Plaintiffs. Although the Court previously found that Plaintiffs' ADEA claims were "encompassed by the scope of the 'General Release' and 'Agreement and General Release'", the Court refused to dismiss Plaintiffs' ADEA claims pursuant to the releases on the grounds that Plaintiffs might be able to show that the releases were not knowing and voluntary. As set forth below, Plaintiffs' claims that the releases were not knowing and voluntary must be rejected because Plaintiffs have failed to allege an essential element of their claims, namely reliance.

A plaintiff employee may show that an ADEA release is not "knowing or voluntary" by showing fraud, duress, or mistake. *See, e.g., Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229 (10th Cir. 1999) ("Applying these principles, we hold that non-statutory circumstances such as fraud, duress, or mutual mistake may render an ADEA waiver not "knowing and voluntary" under the OWBPA."); *Griffin v. Kraft Gen. Foods, Inc.*, 62 F.3d 368, 373-74 (11th Cir. 1995) ("we hold that nonstatutory circumstances, such as fraud, duress, or coercion in connection with

---

[29] *Ripoll*, 2014 WL 1389659 at *3.

the execution of the waiver, may render an ADEA waiver not 'knowing and voluntary.'). Here, Plaintiffs allege that the releases they signed were not knowing and voluntary because, according to Plaintiffs, The Times Picayune materially misrepresented the reason for their terminations:

> Alternatively, if Defendants were acting prior to the signing of the releases with the objective of terminating and replacing Plaintiffs because of [his or her] age, then Defendants' representations to Plaintiffs prior to the signing of the releases – that Defendants' were engaging in a program of economic downsizing layoffs that eliminated Plaintiff's job – were false, and Plaintiff was misled in signing the releases. **Defendants' failure to disclose that Plaintiffs would be terminated because of [his or her] age, and not for their proferred reason, was a material misrepresentation which violates the requirement of 29 U.S.C. § 626(f) that a waiver of an ADEA claim must be knowing and voluntary.**[30]

A plaintiff seeking to avoid the provisions of a contract on the basis that the contract was procured by fraud or misrepresentation must prove reliance.[31] In the context of ADEA claims, courts have specifically required that parties plead and prove reasonable reliance in claims of misrepresentation or fraud. *See e.g., Raybon v. Cont'l Tire N. Am., Inc.*, 160 F. App'x 926 (11th Cir. 2005) (finding that employee's reliance on alleged misrepresentation was not reasonable, as was required to invalidate separation agreement under which employee waived his claims under the ADEA); *O'Loughlin v. The Pritchard Corp.*, 972 F. Supp. 1352, 1371 (D. Kan. 1997) (holding that Plaintiff's fraudulent misrepresentation claim, brought in connection with his ADEA claim, failed as a matter of law where Plaintiff showed no detrimental reliance upon the misrepresentation that there would be no manager position for him on a project).

---

[30] Amended and Re-Stated Complaints, Rec. Doc. Nos. 48-55, ¶ XXVI (emphasis added).

[31] *See, e.g., Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 (5th Cir. 1993); *Helwick v. Montgomery Ventures Ltd.*, 95-0765 (La. App. 4 Cir. 12/14/95), 665 So. 2d 1303, 1306 (La. Ct. App. 1995) writ denied, 96-0175 (La. 3/15/96), 669 So. 2d 424 (finding that under La. C.C.P. art. 856, plaintiffs pleading fraud in a contract claim must plead that they relied upon the misrepresentation); *Wilson v. Davis*, 991 So.2d 1052 (La. App. 1 Cir. May 28, 2008) (in order to prove claim of "fraudulent misrepresentation," plaintiff must show, among other things, misrepresentation caused "justifiable reliance with resulting injury"); *Sun Drilling Products Corp. v. Rayborn*, 789 So.2d 1141 (La. App. 4 Cir. 2001) ("for fraud or deceit to have caused plaintiff's damage, he must be at least be able to say that had he known the truth, he would not have acted as he did to his detriment") (*citing In re Ford Motor Company Vehicle Paint Litigation*, 1997 WL 539665 (E.D. La. Aug. 27, 1997).

In the case at bar, Plaintiffs each allege that The Times-Picayune misrepresented the reasons for the layoffs, but none of the Plaintiffs plead that they "relied" on any purported misrepresentation by The Times Picayune in taking or refraining from taking any action. In essence, each Plaintiff must plead (and ultimately prove) that had she known that she was being terminated because of her age and not for economic reasons she would not have signed the release and instead would have forfeited the severance. *A fortiori*, Plaintiffs have failed to allege an essential element of their claims. Plaintiffs' failure to plead reliance forecloses their misrepresentation/fraud claims (set forth in Paragraph XXVI of each of their complaints).

Because the Plaintiffs have failed to adequately plead fraud, they are bound by the releases they signed. This Court previously held that "Plaintiffs' ADEA claims based on their terminations are encompassed by the scope of the 'General Release' and 'Agreement and General Release' signed in June and July 2012." Rec. Doc. 59 at p. 4. As a result, this Court should enter Judgment in favor of The Times-Picayune dismissing Plaintiffs' ADEA claims based on their terminations.

## CONCLUSION

Summary judgment should be granted on Plaintiffs' ADEA claims because, viewing the record as a whole and beyond the four corners of the amended and re-stated complaint, Plaintiffs have admitted that non-discriminatory factors played a role in their terminations and thus age was not the "but-for" reason for their terminations. Alternatively, Plaintiffs allegations of fraud – which are made in an effort to avoid the effects of the releases they signed – fail because Plaintiffs have not pled reliance.

Respectfully Submitted,

By:        */s/Loretta G. Mince*
LORETTA G. MINCE #25796
JAMES R. SWANSON #18455
REBECCA SHA #35317
FISHMAN HAYGOOD PHELPS
   WALMSLEY WILLIS & SWANSON, L.L.P
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
ATTORNEYS FOR DEFENDANTS,
THE TIMES-PICAYUNE, L.L.C.
AND ADVANCE PUBLICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

*/s/ Loretta G. Mince*