UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA PITT, ET AL** | **CIVIL ACTION NOS. 2:14-cv-68 c/w 2:14-cv-69, c/w 2:14-cv-70, c/w 2:14-cv-71, c/w 2:14-cv-72, c/w 2:14-cv-73, c/w 2:14-cv-75, c/w 2:14-cv-76.** |
| **Plaintiffs,** | |
| v. | **SECTION "N"** |
| **THE TIMES-PICAYUNE, L.L.C. and ADVANCE PUBLICATIONS, INC.** | **JUDGE KURT D. ENGELHARDT** |
| **Defendants.** | **MAG. DIV. "1"** |
| | **MAG. JUDGE SALLY SHUSHAN** |

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, The Times-Picayune, L.L.C. and Advance Publications, Inc. (collectively "The Times-Picayune"), respectfully submit this Reply in support of their Motion for Summary Judgment. In their Response,[1] and the accompanying affidavits,[2] Plaintiffs fail to demonstrate that there are questions of material fact that, if decided in their favor, would permit them to prevail at trial.

---

[1] Plaintiffs' Response, filed on January 16, 2015, is untimely. The Times-Picayune filed its Motion for Summary Judgment on December 22, 2014, and included a Notice of Submission noticing the matter for January 7, 2015. Rec Doc. 93. The deadline for Plaintiffs' opposition, December 30, 2014, came and went without the submission of an opposition or a request that the matter be continued. On January 3, 2015, Plaintiffs' filed a procedurally deficient motion for extension. Rec. Doc. 94. On January 6, 2015, the Court continued the submission date for the motion until January 21, 2015. Rec. Doc. 96. Again, Plaintiffs ignored deadline of January 13, 2015 for the filing of an opposition. On January 16, 2015, Plaintiffs submitted their Response, which the Clerk's office also determined to be deficient. Rec. Doc. 97. A revised Response was submitted on January 20, 2015. Rec. Doc. 98.

[2] Only six of the eight plaintiffs submitted affidavits; Keith Catalanotto and Stephanie Stroud-Naylor have not submitted any evidence in opposition to The Times-Picayune's Motion for Summary Judgment. Rec. Doc. 98-2 through 98-7. Additionally, while all six affidavits state that "[t]he attached answers to questions posed to me by my attorneys is a true, correct and now, sworn statement regarding the facts and circumstances of this matter," only five of the affidavits contain attachments. Nothing is attached to Aileen Kelly's affidavit. Rec. Doc. 98-3.

1

Plaintiffs do not dispute either of the legal grounds on which The Times-Picayune's motion is based, namely that (1) under *Gross v. FBL Financial Servs. Inc.*, 557 U.S. 167, 177 (2009) and *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993), an employee may not recover for alleged age discrimination where non-age factors (such as high-salaries and benefits) played a role in his or her termination; and (2) in order to successfully claim that a release was the product of a misrepresentation, an employee must plead (and prove) reliance. Applying these legal rules, Plaintiffs fail to offer competent summary judgment evidence (or case law) that would permit the Court to conclude that the Plaintiffs' claims should proceed to trial. First, Plaintiffs offer no evidence or case law to avoid the consequence of the binding judicial admissions contained in Plaintiffs' original complaints that non-age factors contributed to their terminations. Second, although Plaintiffs concede that they must demonstrate reliance on an alleged misrepresentation in order to avoid the consequences of the releases each signed, Plaintiffs' Response and affidavits wholly fail to address the issue of reliance. In sum, and as detailed below, Plaintiffs have failed to meet their burden to "designate specific facts showing that there is a genuine issue" for trial and therefore, summary judgment in favor of The Times-Picayune should be granted.[3]

## I.     Legal Standard for the Non-Moving Party in Summary Judgment

On a motion for summary judgment, factual controversies are to be resolved in favor of the nonmoving party, "<u>but only</u> when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[4] The Court will not, "in the absence of any

---

[3] *Williams v. State Farm Fire & Cas. Co.*, No. CIV.A. 07-4796, 2008 WL 4960425, at *1 (E.D. La. Nov. 19, 2008) (J. Engelhardt) ("Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.") (internal citations and quotation marks omitted).

[4] *Id*. (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)) (citations omitted) (emphasis added).

proof, assume that the nonmoving party could or would prove the necessary facts."[5] The nonmoving party must "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."[6]  As this Court has stated:

> The nonmovant's burden of demonstrating a genuine issue is **not satisfied merely by creating some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence**. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[7]

Applying the foregoing, Plaintiffs have failed to demonstrate that there exists a dispute as to any material fact that, if resolved in their favor, would permit them to prevail at trial.

## II.   Plaintiffs fail to demonstrate that their ADEA claims survive the requirements of *Gross* and *Hazen*.

Under the United States Supreme Court rulings in *Hazen* and *Gross*,[8] age must be the "but-for" reason for the employer's actions and reasons such as high compensation and expensive benefits do not violate the ADEA.  Citing to these rulings, The Times-Picayune moved for summary judgment on Plaintiffs' ADEA claims because Plaintiffs themselves claim that they were terminated, at least in part, for non-actionable business reasons. Specifically, Plaintiffs have all asserted that they were terminated, in part, due to their high salaries and expensive benefits.[9]  As set forth below, Plaintiffs do not contest the Times-Picayune's legal arguments, and the evidence and argument offered by Plaintiffs fail to create a triable issue of fact that would permit recovery under the ADEA.

---

[5] *Id*.
[6] *Id*.(internal quotation marks and citations omitted).
[7] *H.H. White, L.L.C. v. Hanover Ins. Co.*, 559 F. Supp. 2d 714, 717-18 (E.D. La. 2008) (internal quotes and citations omitted) (emphasis added).
[8] 507 U.S. at 609; 557 U.S. at 177.
[9] *See* Defendants' Statement of Uncontested facts, Rec. Doc. 93-2.

3

### A. Plaintiffs do not dispute the Times-Picayune's legal arguments as to their ADEA claims.

In their Response, Plaintiffs do not dispute that, under *Gross* and *Hazen,* mixed-motive ADEA claims are not recognized.[10] Plaintiffs also do not dispute that factual statements made in pleadings constitute judicial admissions and create adverse evidentiary admissions.[11]

With respect to the allegations contained in Plaintiffs' original complaints, Plaintiffs offer that their statements were "merely descriptive and not assertions of fact and/or motive."[12] But Plaintiffs do not explain the distinction between a factual allegation and a "merely descriptive" allegation, and Plaintiffs themselves refer to the allegations in their original complaints as "facts."[13]

### B. Plaintiffs do not raise a fact issue that non-age related factors played a role in their terminations.

Plaintiffs state in a conclusory fashion that they "have consistently asserted that age was the sole basis for their termination."[14] This assertion is incorrect; as set forth in The Times-Picayune's Motion, each of the Plaintiffs alleged in their original complaints that they were terminated, in part, because Plaintiffs had more expensive salaries and benefits packages.

Faced with the inescapable consequence of their own allegations, Plaintiffs resort to speculation:

> Had economic factors contributed to the termination of Plaintiffs, one would have expected Defendants to offer a voluntary reduction in salary and/or benefits to Plaintiffs in order to maintain their employment. This action was never taken by

---

[10] The Times-Picayune's Motion at 5-6.
[11] *Id.* at 8.
[12] Plaintiffs' Response at 2 ("Although high salaries and expensive benefits are referenced in the Complaints filed by Plaintiffs, those references are merely descriptive and not assertions of fact and/or motive.").
[13] *See* Defendants' Statement of Uncontested facts, Rec. Doc. 93-2, *e.g.*, #4 "Vivian Hernandez: 'Defendants terminated Plaintiff from her employment . . . because of her age and **the fact** that she was one of the older employees with ***a higher salary and benefits package***. Defendants were both downsizing and replacing the ***better paid*** older workers with younger workers willing to work for less'" (emphasis added and emphasis in original).
[14] Plaintiffs' Response at 2.

4

> Defendants and illustrates Defendants [sic] true desire to terminate Plaintiffs was based solely on age.[15]
>
> Moreover, given the attached affidavits, had not age been the "but-for" cause, then why not offer Plaintiffs new jobs and training?[16]

Plaintiffs' request that the Court ignore their prior allegations and rule in their favor based on hypothetical speculation does not raise a fact issue. Indeed, Plaintiffs' arguments fall squarely within the class of proof that "merely . . . creat[e] some metaphysical doubt as to the material facts, . . ." which do not satisfy "[t]he nonmovant's burden of demonstrating a genuine issue."[17]

Furthermore, the affidavits submitted by Plaintiffs offer nothing to aid their cause, and in some cases, contain statements that ratify their prior allegation that they were terminated for both age and non-age reasons.  For example, Patricia Gonzalez attests that she was terminated due to "a combination of medical benefits usage and . . . age discrimination."[18]  And Vivian Hernandez attests that The Times-Picayune informed her that she was being terminated because the company was using "wire copy to fill the same space where [she] used to write [her] auto column" and that when the company unsuccessfully tried wire copy "[a] year later . . . [The Times-Picayune] asked [her] to do [her] job again on a free-lance basis . . . for a fraction of the money and no benefits."[19]

Finally, Plaintiffs argue that this issue was decided by the Court in its ruling on the Motion to Dismiss (Rec. Doc. 59) and that "no new information" has been presented.[20]  This

---

[15] Plaintiffs' Response at 2.
[16] *Id*. at 5.
[17] *H.H. White*, 559 F. Supp. 2d at 717-18.
[18] Patricia Gonzalez Affidavit, Rec. Doc. 98-7.
[19] Vivian Hernandez Affidavit, Rec. Doc. 98-2.
[20] Plaintiffs' Response at 5.

argument ignores that the Court expressly declined to consider the allegations in the original complaints in its prior ruling.[21]

In sum, summary judgment on Plaintiffs' ADEA claims is proper because Plaintiffs have failed to contest the Times-Picayune's legal arguments or raise a fact issue that non-age factors played a role in their terminations.

### III. Plaintiffs do not state that they relied on any alleged misrepresentation when signing the waivers and accepting their severance packages.

Alternatively, The Times-Picayune argued in their motion that Plaintiffs' claim that they are not bound by the releases they signed because they were misled as to the reasons for their termination should be rejected because Plaintiffs have failed to allege an essential element of their claim, namely reliance.

Plaintiffs do not dispute that they must show reliance. Instead, Plaintiffs assert that "[t]he attached questionnaires and affidavits (See Exhibits 1-6) provide proof that Plaintiffs relied on Defendants' assertions that their termination was for economic reasons and not purely aged based."[22] A review of the questionnaires and affidavits, however, reveals that they say nothing about Plaintiffs' alleged reliance. As for the affidavits, each states only that "at no time was my waiver of rights knowing or voluntary."[23] And the questionnaires – which address general background questions such as whether Plaintiffs were offered training, whether Plaintiffs were offered a position at the new company, and information about the employees who were hired by the new company – are completely silent as to whether and how Plaintiffs relied on any alleged misrepresentations.

---

[21] Rec. Doc. 59 at 6 ("Although Defendants are correct that the Supreme Court, in *Gross v. FBL Financial, Inc.*, 557 U.S. 167 (2009), mandated a "but-for" causation test for ADEA claims, Plaintiffs' amended and re-stated complaints meet that standard.").
[22] Plaintiffs' Response at 5.
[23] *See,.e.g.,* Affidavit of Vivian Hernandez, Rec. Doc. 98-2.

6

Accordingly, The Times-Picayune is entitled to summary judgment on Plaintiffs' misrepresentation claims.

## Conclusion

For the reasons stated above and in the Memorandum in Support, summary judgment should be granted on Plaintiffs' ADEA claims. Viewing the record as a whole and beyond the four corners of the amended and re-stated complaints, Plaintiffs have admitted that non-discriminatory factors played in a role in their terminations and thus age was not the "but-for" reason for their terminations, and Plaintiffs have failed to contest those material facts in their Response and affidavits. Alternatively, summary judgment should be granted on Plaintiffs' allegations of misrepresentation, which were made in an effort to avoid the effects of the releases that they signed. Plaintiffs' allegations of misrepresentation fail because Plaintiffs have not pled reliance and Plaintiffs' Response and affidavits similarly fail to create an issue of fact as to whether Plaintiffs relied on any alleged misrepresentations.

Respectfully Submitted,

By:    */s/Loretta G. Mince*
LORETTA G. MINCE #25796
JAMES R. SWANSON #18455
REBECCA SHA #35317
FISHMAN HAYGOOD PHELPS
   WALMSLEY WILLIS & SWANSON, L.L.P
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
ATTORNEYS FOR DEFENDANTS,
THE TIMES-PICAYUNE, L.L.C.
AND ADVANCE PUBLICATIONS, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th day of January, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

                                                                                     */s/ Loretta G. Mince*

750981v.3