UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA PITT, et al | CIVIL ACTION |
| VERSUS | NO.    14-68 c/w<br>14-69, 14-70, 14-71,<br>14-72, 14-73, 14-75,<br>and 14-76 |
| THE TIMES-PICAYUNE, LLC<br>  and ADVANCE PUBLICATIONS, INC. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment (Rec. Doc. 93) filed by Defendants relative to the ADEA claim asserted by each of the eight consolidated Plaintiffs.  Having carefully considered the parties' submissions,[1] the record in this matter, and applicable law, **IT IS ORDERED** that the motion is **DENIED**.

## LAW AND ANALYSIS

Defendants' motion addresses: (1) whether Plaintiffs have met their summary judgment burden with respect to establishing "but for" causation for purposes of their ADEA claims; and (2) whether Plaintiffs have adequately plead reliance on Defendants' alleged misrepresentations when signing the "General Release" and "Agreement and General Release."   For the reasons stated herein, the Court, on the present showing made, finds Plaintiffs to have satisfied their burden such that Defendants' motion should be denied.

---

[1]      See Defendants' Motion for Summary Judgment (Rec. Doc. 93); Plaintiffs Memorandum in Opposition to Motion for Summary Judgment (Rec. Doc. 98) and Defendants Reply in Support of Summary Judgment (Rec. Doc. 102).

## I.      Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, the Court considers the evidence in the light most favorable to the non-moving party. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 185 (5th Cir. 2003).

## II.     ADEA claim - "But for" Causation

In a prior Order and Reasons, the Court previously determined that the allegations of Plaintiffs' amended and re-stated complaints satisfy the "but for" causation applicable to ADEA claims.[2] Defendants now nevertheless argue that Plaintiffs admitted in other court filings – their original petitions – that their terminations were motivated, at least in part, by "several non-age reasons[.]"[3] As such, Defendants maintain that Plaintiffs' alleged "admissions" present mixed-motive age discrimination claims, which are not actionable under the ADEA. See *Gross v. FBL Fin. Serv. Inc.,* 557 U.S. 167 (2009).

In response, Plaintiffs disagree that they admitted the existence of other non-age reasons for their termination, contending that any references by them made to high salaries and expensive benefits in their original petitions were "merely descriptive and not assertions of fact and/or motive."[4] Plaintiffs add that they have consistently asserted that age was the "sole basis for their termination and that any economic justification on the part of Defendants is merely a pretext."[5] In

---

[2]      See Rec. Doc. 59 at 6.

[3]      See Rec. Doc. 93-1 at 7.

[4]      See Rec. Doc. 98 at 2.

[5]      *Id*.

support of their claim that they were not terminated for economic reasons, Plaintiffs also point to actions by Defendants that, Plaintiffs contend, demonstrate that age was the *sole* basis for their termination.[6]

On the present showing made, the Court finds the question of Defendants' actual motive(s) for terminating Plaintiffs' employment to be a triable one most appropriately determined by a jury. Even assuming that Defendants' characterization of the allegations of Plaintiffs' original petitions regarding Defendants' motive is an apt one, Plaintiffs, with Defendants' consent, subsequently filed "Amended and Re-Stated Complaints" to "clarify the allegations" of their original petitions.[7]  As stated  above, and in the Court's prior Order and Reasons, the allegations of Plaintiffs' "Amended and Re-Stated Complaints" provide the but-for causation necessary to establish an actionable ADEA claim.  As such, without more,[8] the Court finds Plaintiffs to have met their summary judgment burden relative to establishing the existence of a genuine factual dispute regarding "but for" causation.

---

[6]    Plaintiffs claim that Defendants never offered a voluntary reduction in salary and/or benefits to Plaintiffs in order to maintain their employment. Rec. Doc. 98 at 2. Additionally, Plaintiffs submitted affidavits demonstrating that some of them offered to work for less pay and applied for the same or similar positions with the new company, but their offers and employment applications were denied by Defendants. See Rec. Docs. 98-2, 98-3, 98-4, 98-5, 98-6, and 98-7.

[7]    See Rec. Doc. 38.

[8]    Although the disparity of the "motive" allegations of Plaintiffs' original petitions versus those set forth in the subsequent amended and re-stated complaint seemingly could be appropriately explored  pre-trial by means of deposition or other discovery means, Defendants have not offered any such materials in support of their motion.

III.   __Waiver of ADEA Claims - Plaintiffs' Reliance on Defendants' Misrepresentations__

As an alternative ground for dismissal, Defendants maintain that Plaintiffs' assertion that the "General Releases" and "Agreement and General Releases" signed by them were not knowing and voluntary must be rejected, as a matter of law, because Plaintiffs have failed to allege that they actually relied on Defendants' misrepresentations.[9]   Plaintiffs disagree, contending that their amended and re-stated complaints sufficiently allege reliance on Defendants' representation that their terminations were for "economic reasons and not purely aged based," and further led them to believe "that they would be able to re-apply for the[] same positions once economic factors permitted the positions to become available once more.[10]   In additional support of their position, Plaintiffs point to questionnaires and affidavits submitted by them in response to Defendants' motion[11] and argue that demonstrating misrepresentation is a "fact intensive endeavor" not suitable for summary judgment.

Although Defendants are correct that reliance is a necessary element of misrepresentation claims,[12] the Court finds, based on Plaintiffs' assertions, supporting exhibits, and the contents of the Amended and Re-Stated Complaint, that Plaintiffs have adequately alleged reliance on Defendants' proffered, nondiscriminatory rationale for their terminations.   Specifically, as set forth in the Court's prior Order and Reasons, Plaintiffs have alleged:

---

[9]      See Rec. Doc. 93-1 at 10-11.

[10]     See Rec. Doc. 98 at 5.

[11]     *See* Rec. Docs. 98-2, 98-3, 98-4, 98-5, 98-6, and 98-7.

[12]     See, e.g., *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 (5th Cir. 1993) ("To prevail [on misrepresentation], Louisiana requires proof of actual reliance.")

4

> [Defendants'] representations to them that – that Defendants were engaging in a program of economic downsizing layoffs that eliminated Plaintiffs' jobs – were false and Plaintiff[s were] misled in signing the releases. Defendants' failure to disclose that Plaintiff[s] would be terminated because of [their] age, and not for their proffered reason, was a material misrepresentation which violates the requirement of 29 U. S. C. § 626(f) that a waiver of an ADEA claim must be knowing and voluntary.[13]

Construed in Plaintiffs' favor, as the Court must at this stage of the proceeding, the allegation that Plaintiffs signed releases based on Defendants' misrepresentations regarding the economic basis for their terminations adequately avers the requisite reliance.  Further, the affidavits and questionnaires submitted as part of Plaintiffs' opposition,[14] when considered along with the amended and re-stated complaints, support the notion that Plaintiffs,  to preserve severance benefits, willingly signed the release documents because they (at least initially) believed that they were being terminated for economic, rather than unlawful, reasons.

## IV.   Conclusion

For the foregoing reasons, Defendants' motion fails to demonstrate that dismissal of Plaintiffs' ADEA claims presently is warranted based on an absence of necessary allegations regarding causation and reliance.  Accordingly, as stated above, Defendants' motion for summary judgment is denied.

New Orleans, Louisiana, this 2nd day of July 2015.

**KURT D. ENGELHARDT**
United States District Judge

---

[13]   See Rec. Doc. 57, at 5-7; see also Amended and Restated Complaints (Rec. Docs. 45 through 55).

[14]   See Rec. Docs. 98-2 through 98-8.

5