MemUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA PITT, ET AL | CIVIL ACTION NOS.  2:14-cv-68 c/w 2:14-cv-69, c/w 2:14-cv-70, c/w 2:14-cv-71, c/w 2:14-cv-72, c/w 2:14-cv-73, c/w 2:14-cv-75, c/w 2:14-cv-76. |
| Plaintiffs, | SECTION  "N" |
| v. | |
| THE TIMES-PICAYUNE, L.L.C. and ADVANCE PUBLICATIONS, INC. Defendants. | JUDGE KURT D. ENGELHARDT |
| | MAG. DIV.  "1" |
| | MAG. JUDGE SALLY SHUSHAN |

**MEMORANDUM IN SUPPORT OF THE TIMES-PICAYUNE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**MAY IT PLEASE THE COURT:**

Defendants, The Times-Picayune, L.L.C. and Advance Publications, Inc. (together, "The Times-Picayune") respectfully submit this Memorandum in Support of their Motion to Compel Production of Documents.   In its Motion, The Times-Picayune seeks an order compelling production of (1) emails, (2) text messages, and (3) Facebook posts/messages concerning the facts underlying the allegations in their complaints and their employment or termination by The Times-Picayune, responsive to The Times-Picayune's Requests for Production Nos. 3 and 10. The Times-Picayune's motion should be granted.

**I.     INTRODUCTION**

In this consolidated civil action, eight plaintiffs, Patricia Pitt, Aileen Kelly, Jeanne Woods, Patricia Gonzalez, Vivian Hernandez, Stephanie Stroud-Naylor, Ulpiano Lugo, and Keith Catalanotto (collective, "Plaintiffs"), allege that they were discriminated against on the

1

1003988v.1

basis of age under the Age Discrimination in Employment Act ("ADEA").  In addition, while Plaintiffs each accepted The Times-Picayune's severance offer and signed releases of all claims concerning their employment, including their ADEA claims, they allege that they were fraudulently induced into signing the releases because The Times-Picayune misrepresented the reason for their terminations.[1]

On August 28, 2015, The Times-Picayune served its First Set of Interrogatories and Requests for Production upon Plaintiffs seeking, among other things, discovery of "all communications between you and current or former employees of Defendants in which the events, facts, or circumstances underlying your allegations in the Complaint were discussed or referenced," [Request for Production No. 3], and "all documents concerning in any way your employment and/or termination/layoff by Defendants" [Request for Production No. 10].[2]

On November 16, 2015, the parties' Joint Motion for Protective Order was granted and a Protective Order was entered into the case. Rec. Doc. 114.

On November 17, 2015, Plaintiffs provided their responses to The Times-Picayune's requests for production and produced some documents.[3]   Plaintiffs did not object to requests No. 3 or No. 10; some Plaintiffs responded that they had no documents responsive to request No. 3.[4] Plaintiffs separately provided their responses to The Times-Picayune's interrogatory requests on

---

[1] The parties are engaged in discovery.  Trial is set for April 18, 2016 and the discovery cut-off is February 18, 2016. Rec. Doc. 109.

[2] *See, e.g.,* "Defendants' First Set of Interrogatories and Requests for Production to Patricia Gonzalez," attached hereto as Exhibit A.  The Times-Picayune sent separate requests to each Plaintiff; however, the requests are essentially identical.

[3] *See* "Plaintiffs' Responses to The Times-Picayune's Requests for Production," attached hereto as Exhibit B.

[4] Plaintiffs made general objections to all discovery requests. General objections are improper and inadequate under Fed. R. Civ. P. 26, 33, and 34. *See, e.g., Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *2-3 (E.D. La. Jan. 21, 2015) (finding responses to discovery which contained 11 boilerplate, general objections, incorporated to each discovery request, "fail woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request.") (internal quotation marks omitted).

2

November 23, 2015, November 24, 2015, and December 2, 2015.[5]

In the course of discovery, it became apparent that Plaintiffs' document production was incomplete. As detailed below, in Plaintiffs' written discovery responses and depositions, Plaintiffs identified communications in various forms, including emails, text messages, and Facebook posts/messages, relevant to The Times-Picayune's requests which had not been produced.

On December 4, 2015, undersigned counsel sent Plaintiffs' counsel a letter requesting emails, text messages, and Facebook posts/messages, responsive to The Times-Picayune's requests for productions No. 3 and No. 10.[6] The letter also requested, to the extent responsive documents no longer existed, that Plaintiffs provide information as to how and when the documents were destroyed.[7] On December 10, 2015, undersigned counsel re-urged the request and provided instructions from Facebook's website on how to access Facebook data in order to comply with civil discovery obligations.[8] After receiving no response, undersigned counsel sent another letter on December 23, 2015, informing Plaintiffs that The Times-Picayune would file a motion to compel if Plaintiffs did not respond by January 8, 2016.[9] Prior to January 8, 2016, Plaintiffs produced some additional emails for Ms. Kelly and Ms. Naylor and one Facebook message for Ms. Naylor, but no Facebook messages and no documents for any other plaintiff. On January 8, 2016, undersigned counsel conferred with opposing counsel via telephone to re-urge The Times-Picayune's request and sent a letter that summarized the conference and

---

[5] *See* "Plaintiffs' Responses to The Times-Picayune's Interrogatory Requests Nos. 2, 3," attached hereto as Exhibit C.
[6] *See* "December 4, 2015 Letter," attached hereto as Exhibit D.
[7] *Id.*
[8] *See* "December 10, 2015 Letter," attached hereto as Exhibit E.
[9] *See* "December 23, 2015 Letter," attached hereto as Exhibit F.

referenced the prior letters.[10]   To date, Plaintiffs have not produced the requested documents or responses.

As the above illustrates, The Times-Picayune has satisfied its duty to confer in good faith. Pursuant to Federal Rule of Civil Procedure 37, The Times-Picayune now seeks an order compelling production of (1) emails, (2) text messages, and (3) Facebook posts/messages concerning the facts underlying the allegations in their complaints [Request for Production No. 3], and their employment or termination [Request for Production No. 10].   For the reasons, further set forth below, The Times-Picayune's motion should be granted.

## LAW AND ARGUMENT

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.[11]   Further, relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[12]

The Times-Picayune's requests are clearly relevant to both Plaintiffs' claims and The Times-Picayune's defenses.   Request for Production No. 3, seeks communications between Plaintiff and current or former employees of The Times-Picayune in which the facts underlying the allegations in their complaints were discussed.   This request is reasonably calculated to lead to relevant information such as Plaintiffs' mind set and emotional state after they were terminated, Plaintiffs' opinions regarding their severance packages and the releases they signed, Plaintiffs' knowledge of job postings at The Times-Picayune after they were terminated, Plaintiffs' efforts to re-obtain employment at The Times-Picayune, and Plaintiffs' discussions concerning the reasons for their termination.   Request for Production No. 10, which seeks

---

[10] *See* "January 8, 2016 Letter," attached hereto as Exhibit G.
[11] Fed R. Civ. P. 26(b)(1).
[12] *Id*.

4

documents concerning their employment or termination by The Times-Picayune, may lead to discovery of the same relevant information discussed above.

The Times-Picayune's discovery requests are narrowly tailored and minimally intrusive.[13] Both requests seek information that Plaintiffs have squarely placed at issue by filing their age discrimination claims.  Plaintiffs have not objected on any basis to The Times-Picayune's requests, and any privacy concerns they may have will be adequately addressed by the Protective Order.  Plaintiffs were also provided directions on how to obtain the requested Facebook information.[14]

Moreover, Plaintiffs' written responses, documents produced to date, and deposition testimony establish that additional responsive documents to The Times-Picayune's requests exist, but have not been produced.  First, all Plaintiffs identify numerous individuals whom they contacted regarding the allegations in their complaints and the modes of communication (via telephone, email, and in person), in response to The Times-Picayune's Request for Interrogatory Nos. 2 and 3.[15]  Plaintiffs were also questioned about their responses at their depositions.  A comparison of their testimony and Plaintiffs' document production reveals that Plaintiffs have not produced responsive communications.  For example, Ms. Hernandez testified at her

---

[13] Courts have generally held that any privacy concerns regarding telephone records, emails, and social networking data are outweighed by the right to discover relevant information. *See*, *e.g.*, *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001) (holding that email senders would "lose a legitimate expectation of privacy in an e-mail that had already reached its recipient; at this moment, the e-mailer would be analogous to a letter-writer, whose 'expectation of privacy ordinarily terminates upon delivery' of the letter."); *In re ENRON CORPORATION SECURITIES AND DERIVATIVE AND "ERISA" LITIGATION*, No. H-01-3624, 2003 WL 22218315, at *3 (S.D. Tex. July 9, 2003) (ordering production of personal email addresses and home telephone records in addition to their contents where there was a protective order in place; "Outside Directors obviously have a privacy interest in the matters for which they seek protection, and the Plaintiffs have an interest in full disclosure of relevant information and materials that are likely to lead to relevant information."); *Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2013 WL 4508128, at *1-2 (E.D. La. Aug. 22, 2013)  ("Courts have recognized that social networking site ('SNS') content may be subject to discovery under Federal Rule of Civil Procedure 34.  Generally, SNS content is neither privileged nor protected by any right of privacy.") (internal citations and quotation marks omitted).

[14] *See* "December 10, 2015 Letter," attached hereto as Exhibit E.

[15] *See* Ex. C, "Plaintiffs' Responses to The Times-Picayune's Interrogatory Requests Nos. 2, 3."

deposition that she exchanged e-mails with individuals listed in her response to Interrogatory No. 2, including other Plaintiffs, Ms. Gonzalez and Ms. Kelly.[16]   However, Ms. Hernandez has produced no emails between her and those individuals.  Similarly, Mr. Lugo testified at his deposition that he had conversations with other individuals, including via e-mail, regarding allegations in his complaint; but that he did not search for them.[17]   Ms. Pitt testified at her deposition that she participated in Facebook communications with the other plaintiffs in the case as well as "[t]ext messages, e-mails."[18]   However, she did not compile Facebook, text-messages or emails for the case:

> Q. Has anyone—have your lawyers, or anyone else, asked you to compile Facebook records to produce in this case?
> A. No.
> Q. Has anyone asked you to provide text messages or e-mails related to the allegations in this case?
> A. No.[19]

Ms. Gonzalez produced a copy of a Facebook discussion wherein she, other Plaintiffs, including Ms. Kelly and Ms. Stroud-Naylor, and other individuals, commented on a job posting by The Times-Picayune that she alleged was her job after she was informed that she was terminated.[20]   In the Facebook discussion, a description of the "Print Designer" job was posted on Facebook.  The description stated in part, "This position will put you on the ground floor of a major initiative that will set the bar in our industry regarding the marriage of print and digital media. . . . We're building a team of "A" players – like you – within a nimble and innovative company with a fun, upbeat culture."[21]   Below this description, Ms. Gonzalez commented,

---

[16] *See* Deposition of Vivian Hernandez, attached hereto as Exhibit H, at 116, l. 24-117, l. 6.
[17] *See* Deposition of Ulpiano Lugo, attached hereto as Exhibit I, at 92, l. 2- 93, l. 17.
[18] Deposition of Patricia Pitt, attached hereto as Exhibit J, at 81, l. 14-22.
[19] *Id*. at 82, l. 9-16.
[20] *See* "Facebook Posting," Bates-no Range PG000040-41, attached hereto as Exhibit K.
[21] *Id.*

6

"Guess we are NOT considered "A" players." [22]  Ms. Kelly commented, "Insulting, sickening, I guess that's life on the "D" list. [23] Ms. Naylor commented, "I just projectile vomited. Even if I knew nothing about this fiasco, I'd be afraid to apply. It sounds like the wording was crafted with the intention of getting certain people po'd rather than to get the attention of a creative genius who will set the bar and blaze the trails at this progressive new company." [24]  This discussion and any similar or related discussions are relevant to Plaintiffs' allegations and responsive to requests No. 3 and 10.

The above document was the only Facebook posting/message that Ms. Gonzalez produced; it was not part of Ms. Kelly or Ms. Stroud-Naylor's production.  Ms. Gonzalez and Ms. Pitt also testified at their depositions that they had been part of a Facebook group called "Friends of The Times-Picayune," formed after the restructuring was announced, wherein current and former Times-Picayune employees discussed matters related to The Times-Picayune.[25]  Ms. Gonzalez has not produced any posting/messages relating to her participation in that group.

Ms. Naylor testified at her deposition that she had communications via email, text-message, and Facebook with individuals listed in her response to Interrogatories Nos. 2 and 3.[26] She also testified that she used Facebook to gather information about the ages of individuals she alleged were hired after she was terminated.[27]  Ms. Naylor has subsequently produced some emails and one Facebook conversation with a former employee of The Times-Picayune; however, her production does not appear to be complete.  For example, in her Facebook message

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *See* Deposition of Patricia Gonzalez, attached hereto as Exhibit L, at 131.
[26] *See* Deposition of Stephanie Naylor, attached hereto as Exhibit M, at 82, l. 15-85, l. 1.
[27] *Id.* 72-74.

7

production, she mentioned that she messaged "Keith [Marszalek] . . . on Facebook" regarding a job that she applied to with The Times-Picayune in 2013; however, she did not produce that Facebook message.[28]   That message would be responsive to her claim that after she was terminated, she was not re-hired on the basis of age.  Also, similar to Ms. Gonzalez, Ms. Naylor appears to have been involved in the "Friends of Times-Picayune," Facebook group.  In her Facebook message production, she wrote "Do you hear violins playing the background when you read the comments I just added in the friends of the TP post by Dennis Persica about prescription costs?"[29] She, like Ms. Gonzalez, has not produced any posting/messages relating to her participation in that group.

As the above demonstrates, the discovery The Times-Picayune seeks is likely to lead to admissible evidence, narrowly tailored, and minimally intrusive.  Plaintiffs should be compelled to produce (1) emails, (2) text messages, and (3) Facebook posts/messages concerning the facts underlying the allegations in their complaints and their employment or termination by The Times-Picayune, responsive to The Times-Picayune's Requests for Production Nos. 3 and 10.

## **CONCLUSION**

For the foregoing reasons, The Times-Picayune respectfully submits that its Motion to Compel should be granted and that this Court should compel Plaintiffs to produce the requested discovery.

---

[28] *See* "Stephanie Stroud-Naylor Facebook Post," Bates-No Range SN000072-76, attached hereto as Exhibit N.
[29] *Id.*

8

Respectfully Submitted,

By:       */s/Loretta G. Mince*
           LORETTA G. MINCE #25796
           JAMES R. SWANSON #18455
           REBECCA SHA #35317
           FISHMAN HAYGOOD L.L.P.
           201 St. Charles Avenue, Suite 4600
           New Orleans, Louisiana 70170
           Telephone:  (504) 586-5252
           Facsimile:   (504) 586-5250
          ATTORNEYS FOR DEFENDANTS,
          THE TIMES-PICAYUNE, L.L.C.
          AND ADVANCE PUBLICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

*/s/ Loretta G. Mince*

9

1003988v.1